IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK L. REESE, <br> (TDCJ-CID #1027930) <br> Petitioner, <br><br> vs. <br><br> JUDGE JEFF BROWN, <br> Respondent. | § § § § § § § § § | <br><br><br><br> CIVIL ACTION H-06-4099 |

## MEMORANDUM AND OPINION

Roderick L. Reese, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") sued in December 2006, seeking a writ of mandamus against Judge Brown of the 55th Judicial District Court of Harris County, Texas.[1] Reese seeks recusal of Judge Brown.

The threshold issue is whether this court has jurisdiction to consider Reese's petition for a writ of mandamus. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition for lack of jurisdiction. The reasons for this ruling are stated below.

---

[1] Reese filed a petition for a writ of mandamus against Judge Brown in Civil Action Number 4:05-3909, which this court dismissed for lack jurisdiction on November 18, 2005.

I.   Analysis

Reese filed a civil action in state court complaining of a conspiracy. (Cause Number 2004-4832). Judge Brown ignored Reese's motions and dismissed that suit. In July 2006, Reese filed another civil action in Texas state court. (Cause Number 2006-46060). In that suit, Reese sued a Harris County prosecutor and a Baytown police officer. Reese moved for recusal of Judge Brown in September 2006, but Judge Brown denied the motion. Reese asks this court to compel Judge Brown to recuse himself so that a judge from a different county can hear the case.

To the extent Reese seeks a writ of mandamus against Judge Brown, this court lacks jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is Judge Brown of the 55th Judicial District Court

of Harris County, Texas. Judge Brown is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. This court lacks jurisdiction to entertain Reese's request for mandamus relief.

## II. The Constructive Motion to Proceed *In Forma Pauperis*

Reese has filed a motion for leave to proceed *in forma pauperis*. Passage of the Prison Litigation Reform Act ("PLRA") resulted in the imposition of financial requirements on prisoners filing any civil action or appeal. A prisoner seeking to file a civil action must make financial disclosures under 28 U.S.C. § 1915(b) and must pay the full filing fee of $150.00. 28 U.S.C. § 1915(a)(2), (b)(1)(2). The fee may be paid in installments.

The Fifth Circuit considers a petition for a writ of mandamus as a type of appeal, not an independent civil action. *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). The nature of the underlying action determines the applicability of the PLRA to a petition seeking mandamus. *Id.* Because the petition for a writ of mandamus in *Stone* arose out of a 28 U.S.C. § 2255 petition for post-conviction relief, the fee payment requirements of the PLRA did not apply. *Id. See United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996)(holding the PLRA does not apply to 28 U.S.C. § 2255

proceedings because habeas proceedings, though technically civil, are in reality hybrid cases whose nature is not adequately captured by the phrase "civil action").

Reese asks this court to direct a state judicial officer to recuse himself from hearing a civil action. The underlying suit has aspects of an action complaining of civil rights violations, making the filing fee provisions of the PLRA applicable. *Santee v. Quinlan*, 115 F.3d 355 (5th Cir. 1997); *Strickland v. Rankin County Correctional Facility*, 105 F.3d 972, 974 (5th Cir. 1997).

Reese's constructive application for leave to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED.

## III. Conclusion

Reese's petition for a writ of mandamus is DENIED. Any and all remaining pending motions are DENIED as moot.

The TDCJ-CID shall continue to deduct twenty percent of each deposit made to Reese's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile

transmission, or e-mail to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

SIGNED at Houston, Texas, on _____, 2007.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE